FILED

JAN 16 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THELMA ARCIRIA ACEVEDO RAMIREZ, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-72367 <br><br> Agency No. A070-805-909 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 15, 2013[**]

Before: SILVERMAN, BEA, and NGUYEN, Circuit Judges.

Thelma Arciria Acevedo Ramirez, a native and citizen of Guatemala,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing her appeal from an immigration judge's ("IJ") decision denying her

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

application for special rule cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act ("NACARA"). Our jurisdiction is governed by 8 U.S.C. § 1252. We dismiss the petition for review.

We lack jurisdiction to review the BIA's determination that Acevedo Ramirez is not eligible for NACARA relief. *See Ixcot v. Holder,* 646 F.3d 1202, 1213-14 (9th Cir. 2011).

To the extent Acevedo Ramirez contends the BIA's factual findings are erroneous and that the BIA failed to properly consider the evidence, these contentions do not amount to colorable constitutional claims. *See Martinez-Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir. 2005) ("[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

Acevedo Ramirez also contends that the IJ violated her due process rights because he was biased and prejudged her case. This contention was not raised to the BIA and is therefore unexhausted. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (this court lacks jurisdiction to review contentions not raised before the agency).

In light of our disposition, we need not reach Acevedo Ramirez's remaining contentions.

09-72367

Federal regulations require that "any grant of voluntary departure shall terminate automatically upon the filing of the petition or other judicial challenge and the alternate order of removal . . . shall immediately take effect." 8 C.F.R. § 1240.26(i); *see Garfias-Rodriguez v. Holder,* No. 09-72603, 2012 WL 5077137, at * 16-20 (9th Cir. Oct. 19, 2012) (en banc). The stay granted by this court on October 27, 2009, is lifted; however, if she complies with the requirements of 8 C.F.R. § 1240.26(i), by departing within thirty days, Acevedo Ramirez shall not be deemed to have departed under the order of removal.

**PETITION FOR REVIEW DISMISSED.**